## LAW AND EQUITY COURT OF THE CITY OF RICHMOND

Jean Millar Priestman

v.

Benjamin Decatur Spencer

July 23, 1971

By JUDGE A. CHRISTIAN COMPTON

Enclosed you will find a copy of the order entered today which overrules the respective motions for summary judgment of the parties.

Rule 3:20 provides, *inter alia* that "Summary judgment shall not be entered if the amount of damages or *any other material fact is genuinely in dispute.*" (Emphasis added).

In her motion, the plaintiff asserts that certain admissions made by the defendant in the deposition of February 23, 1971, entitle her to a judgment at this stage of the proceedings. She asserts that the defendant admits owing the amount of $8,500, which was the agreed settlement of the North Carolina suit arising out of the controversy with reference to the 1955 "Deed of Separation." The plaintiff argues that she has shown that the "stipulation" in question was the agreement which was substituted for the 1955 contract and since the defendant has failed to pay the amount of the settlement and comply with the stipulation, she is entitled to a judgment.

The defendant takes the position that the "stipulation" sued upon merely provides for the doing of an act and not for the payment of money. He asserts that since the acts contemplated in the "stipulation" have not been accomplished, the plaintiff, in order to recover a money judgment, must sue on the 1955 contract and not on the "stipulation."

The issue in the case, of course, is the construction of the "stipulation," which is alleged to be a contract

between the parties. There are many material facts apparently in dispute between the parties dealing with this writing. In order to interpret what this agreement means and how it affects the rights and obligations of the parties, it must be viewed in the light of all the circumstances surrounding the proposed settlement. The record reveals only a few of such facts.

Moreover, parol evidence may be required to show either that the "stipulation" was substituted for the 1955 agreement, as the plaintiff contends, or that it merely dealt with the performance of an act, as the defendant contends. *High Knob, Inc.* v. *Allen*, 205 Va. 503, 506 (1964).

With the above in mind, the court should not grant judgment in this case based merely upon the pleadings, the exhibits and a brief deposition of one of the parties. The parties disagree completely as to the meaning of the "stipulation" but at the same time assert that summary judgment should be granted in their favor.

Since there are "material facts genuinely in dispute," the motions for summary judgment are denied.